UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LARRY TEAGUE**, <br><br> Plaintiff, <br><br> v. <br><br> **GENESEE COUNTY**, <br><br> Defendant. | 2:21-CV-12367-TGB-PTM <br><br> HON. TERRENCE G. BERG <br> HON. PATRICIA T MORRIS <br><br> **ORDER OF SUMMARY DISMISSAL** |

# I. INTRODUCTION

This is a pro se civil rights case under 42 U.S.C. § 1983. Larry Teague ("Plaintiff") is a pre-trial detainee confined at the Genesee County Jail. In his complaint, Plaintiff contests his ongoing state criminal proceedings by challenging the conduct of the state courts and prosecutors. He alleges that his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments and Article 3, Section 2 of the United States Constitution have been violated and also cites 18 U.S.C. §§ 241, 242 in his complaint. Plaintiff names Genesee County as the sole defendant in this action. He alleges that the amount in controversy is $50,000,000 and seeks dismissal of all charges against him and requests that those involved be subject to criminal prosecution. The Court has

granted Plaintiff leave to proceed without prepayment of the filing fee for this action. Having reviewed the matter, the Court concludes that Plaintiff's complaint must be dismissed and that an appeal cannot be taken in good faith.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, or employees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain

statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional, not merely negligent. *Davidson*

3

*v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 336 (1986).

Plaintiff's complaint, which challenges his state criminal proceedings, is subject to dismissal for failure to state a claim upon which relief may be granted. Plaintiff names Genesee County as the sole defendant in this action. It is well-settled, however, that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff seeks to hold Genesee County liable for alleged misdeeds by others. Consequently, he fails to state a claim upon which relief may be granted in his pleadings. Any assertion that Genesee County failed to supervise an employee, should be vicariously liable for an employee's conduct, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307,

4

309 (6th Cir. 2001). Plaintiff does not allege facts which show that any injury he suffered is the result of any county policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or regulate employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). He thus fails to state a claim upon which relief may be granted in his complaint.[1]

Additionally, to the extent that Plaintiff cites federal criminal civil rights and conspiracy statutes, 18 U.S.C. §§ 241, 241, in his pleadings, he is also not entitled to relief. Those criminal statutes do not authorize civil suits or create a private cause of action for the alleged deprivation of civil rights. *See., e.g., Young v. Overly*, No. 17-6242, 2018 WL 5311408, *2 (6th Cir. July 2, 2018) (collecting cases); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming dismissal of claims brought under 18 U.S.C. §§ 241 and 242 "because [plaintiff] has no private right of action

---

[1]The Court notes that even if Plaintiff named a proper defendant and sought dismissal of his pending state criminal charges, such a complaint would be subject to dismissal based upon the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971); *Doe v. University of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (stating that "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity").

under either of these criminal statutes"); *accord Crosby v. Catret*, 308 F. App'x 453 (D.C. Cir. 2009) (per curiam); *Thibeaux v. Mukasey*, 275 F. App'x 889, 893 (11th Cir. 2008); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *Durso v. Summer Brook Preserve Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1267-68 (M.D. Fla. 2008) (collecting cases).

Plaintiff also does not have standing to file a criminal complaint against others. A private citizen "lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986). Private citizens, whether or not they are incarcerated, cannot compel the criminal prosecution of another. *Id.* at 64-65. Decisions regarding who to criminally prosecute and what charges to bring rest within a prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Plaintiff thus fails to state a claim upon which relief may be granted as to such matters.

### III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his pleadings. Accordingly, the Court **DISMISSES WITH PREJUDICE** his complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445

(1962). This case is closed.

**SO ORDERED.**

Dated: October 29, 2021

s/Terrence G. Berg

TERRENCE G. BERG

UNITED STATES DISTRICT JUDGE